RECEIVED

2005 NOV -3 P 4: 56

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| PLAINTIFF, | : | |
| v. | : | CIVIL ACTION NO. *2:05cv1067-C* |
| ONE PARCEL OF PROPERTY LOCATED AT 1554 SHADY TRAIL, WETUMPKA, ELMORE COUNTY, ALABAMA, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON, | : | |
| DEFENDANT. | : | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America, by and through Leura G. Canary, United States Attorney, Middle District of Alabama, and John T. Harmon, Assistant United States Attorney, in a civil cause of forfeiture in rem respectfully alleges as follows:

### NATURE OF THE ACTION

1.    This is an action pursuant to Title 18, United States Code, Section 985, to forfeit and condemn to the use and benefit of the United States of America certain real property and premises, located at 1554 Shady Trail Wetumpka, Elmore County, Alabama, with all appurtenances and improvements thereon, in accordance with Title 21, United States Code, Section 881.

2.    The United States brings this action in rem, in its own right to forfeit and condemn the defendant property under Title 21, United States Code, Section 881(a)(7).

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this action under Title 28, United States Code, Section 1345 and Section 1355.

4.    Venue is proper in this district pursuant to Title 28, United States Code, Section 1395 and Title 21, United States Code, Section 881(j), because the act or omissions giving rise to the forfeiture occurred in the district and the property is located within the Middle District of Alabama.

## THE DEFENDANT IN REM

5.    The Defendant consists of the following property located at 1554 Shady Trail Wetumpka, Elmore County, Alabama, with all appurtenances and improvements thereon, more particularly described as follows:

> All that part of the following described property which lies east of the county paved road:  The South half of the NE 1/4 and the NE 1/4 of the SE 1/4 of Sec. 33, T. 20, R. 19, containing 120 acres, more or less.
>
> LESS AND EXCEPT those certain parcels heretofore conveyed to George W. Blankenship, Jr. and wife, Ella Frances Blankenship; Billy Warren Jarrett and wife, Joan Jarrett, and Dan P. Jarrett and wife, Joyce Jarrett, more particularly described in Deed Rec. Book 168 page 467, Deed Rec. Book 175, page 475, Deed Rec. Book 189, page 137, and on Deed Cards Numbers 427 and 8223, respectively, Probate Office, Elmore County, Alabama.
>
> The grantor reserves a life estate in the homehouse and one acre of land surrounding the same for his lifetime and the lifetime of any wife which he may have, provide she does not remarry after his death.

2

6.    The Defendant property was acquired by Billy W. Jarrett and JoAnn Jarrett from Elmer B. Jarrett on or about January 13, 1981 Deed recorded at Card 017332, real property records, Office of the Judge of Probate, Elmore County, Alabama.

FACTS

7.    The facts and circumstances supporting the seizure and forfeiture of the Defendant property are:

a.    During the early months of 2004 the Central Alabama Drug Task Force received information regarding the sale and use of illegal narcotics at the residence located on the Defendant Property.

b.    On May 28, 2004, the Central Alabama Drug Task Force executed a search warrant on the residence of Billy W. Jarrett, Jr. and Carroll Jarrett, located on the Defendant Property.

c.    During the search two plastic bags containing marijuana, one ladies compact containing marijuana, and approximately 104 marijuana plants were seized. Also seized during the search was a Remington 12 Gauge Shotgun and shotgun shells.

d.    On June 1, 2004, Billy W. Jarrett, Jr. and Carroll Jarrett were arrested for possession of marijuana.

e.    In July 2001, Billy W. Jarrett, Jr. was convicted of a felony drug offense involving methamphetamine and this offense occurred at and in the residence located on the Defendant Property.

3

## CLAIM FOR RELIEF

8.    The United States repeats and realleges each and every allegation set forth in Paragraphs 1 through 7.e. above.

9.    The Defendant Property was used or intended to be used to in any manner or part, to commit, or to facilitate the commission of a violation of Title 21, United States Code, Section 841 et seq.

10.    As a result of the foregoing, the Defendant Property is liable to condemnation and to forfeiture to the United States for its use, in accordance with Title 21, United States Code, Section 881(a)(7).

11.    The United States does not request authority from the Court to seize the Defendant Property at this time.  The United States will, as provided by Title 18, United States Code, Section 985(b)(1) and (c)(1):

    a.    Post notice of this Complaint on the Defendant Property;

    b.    Serve notice of this action on the Defendant Property owner along with a copy of this Complaint; and,

    c.    File a lis pendens in the county records as notice of the Defendant Property's status as a defendant in this in rem forfeiture action.

12.    The United States will also, as provided in Title 19, United States Code, Section 1606, appraise the Defendant Property.

13.    Title 18, United States Code, Section 985(c)(3) provides that, because the United States will post notice of this Complaint on the Defendant Property, it is not necessary for the Court to issue an arrest warrant <u>in</u> <u>rem</u>, or to take any other action to establish <u>in</u> <u>rem</u> jurisdiction over the Defendant real property. Title 18, United States Code, Section, 985(b)(2) states that "the filing of a lis pendens and the execution of a writ of entry for the purpose of conducting an inspection and inventory of the property shall not be considered a seizure under this subsection."

WHEREFORE, pursuant to Title 18, United States Code, Section 985, notice of this action shall be given to all persons known or thought to have an interest in or right against the Defendant Property; the Defendant Property shall be forfeited and condemned to the United States; and the United States shall be awarded its costs and disbursements in this action and such other and further relief as this Court deems proper and just.

Respectfully submitted this the 3RD day of November, 2005.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY

John T. Harmon [HAR108]
Assistant United States Attorney

5

Address of Counsel:

Office of the United States Attorney
Middle District of Alabama
One Court Square, Suite 201 (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone: (334) 223-7280
Facsimile: (334) 223-7560
E-mail: John.Harmon@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN  DIVISION

STATE OF ALABAMA      )

COUNTY OF MONTGOMERY)


VERIFICATION


I, Thomas Reid, hereby verify and declare under penalty of perjury that I am an Agent with the Central Alabama Drug Task Force, that I have read the foregoing Verified Complaint <u>in</u> <u>rem</u> and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States and other law enforcement agencies; information supplied to me by other law enforcement officers; and the investigation of this case by myself and others.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

7

Executed on this  3  day of November, 2005.

_____
Thomas Reid
Agent Central Alabama Drug Task Force

Sworn to and subscribed before me this the  3rd  day of

November, 2005

_____
Notary Public
Commission Expires: 9.23.09