IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                                  )<br>           PLAINTIFF                         )<br>                                                                  )<br>v.                                                              )<br>                                                                  )   CIVIL ACTION NO. 2:05-cr-1067<br>ONE PARCEL OF PROPERTY          )<br>LOCATED AT 1554 SHADY TRAIL, )<br>WETUMPKA, ELMORE COUNTY,  )<br>ALABAMA, WITH ALL                       )<br>APPURTNECANCES AND               )<br>IMPROVEMENTS THEREON,         )<br>                                                                  )<br>           DEFENDANT.                    )  | |

### BILLY WAYNE JARRETT, JR.'S ANSWER TO THE UNITED STATES' VERIFIED COMPLAINT FOR FORFEITURE IN REM

**COME NOW** Billy Wayne Jarrett, Jr., by and through his counsel appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of civil forfeiture, and for its answer to the United States' verified complaint, state as follows:

### FIRST DEFENSE

For its first response to the specifically-enumerated paragraphs of the United States' verified complaint, Billy Wayne Jarrett states as follows:

### NATURE OF THE ACTION

1. Billy Wayne Jarrett is without sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of the United States' verified complaint and, therefore, must deny the same and demand strict proof thereof.

2. Billy Wayne Jarrett denies the allegations set forth in Paragraph 2 of the United States' verified complaint and demand strict proof thereof.

## JURISDICTION AND VENUE

3.  Admit

4.  Admit

## THE DEFENDANT IN REM

5.  Admit, acknowledging the "grantor" stated in the last section of Paragraph refers to Elmer B. Jarrett.

6.  Admit.

## FACTS

7.  Billy Wayne Jarrett Jr. denies the allegations in paragraph 7(a) of the United States verified complaint; admits the allegations in paragraph 7(b); admits the allegations in United State's verified complaint, paragraph 7(c), except for the quantity of marijuana plants seized; admits the allegations in United State's verified complaint, paragraphs 7 (d) and (e).

## CLAIM FOR RELEIF

8.  Billy Wayne Jarrett Jr. readopts and realleges the averments of the preceding paragraphs.

9.  Billy Wayne Jarrett Jr. denies the allegations in Paragraph 9 of the United States' verified complaint and, therefore, denies the same and demands strict proof thereof.

10. Billy Wayne Jarrett Jr. denies the allegations in Paragraph 10 of the United States' verified complaint and demand strict proof thereof.

11. Billy Wayne Jarrett Jr. is without sufficient knowledge or information to admit or deny the allegations in Paragraph 11 of the United States' verified complaint,

including all subparts, and, therefore, must deny the same and demand strict proof thereof.

12. Billy Wayne Jarrett Jr. is without sufficient knowledge or information to admit or deny the allegations in Paragraph 12 of the United States' verified complaint and, therefore, must deny the same and demand strict proof thereof.

13. Billy Wayne Jarrett Jr. is without sufficient knowledge or information to admit or deny the allegations in Paragraph 13 of the United States' verified complaint and, therefore, must deny the same and demand strict proof thereof.

### FIRST DEFENSE

15. The United States' verified complaint fails to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure, 12(b)(6).

### SECOND DEFENSE

16. The United States is not entitled to any proceeds from the sale, forfeiture, or condemnation of the Defendant Property because Billy Wayne Jarrett Jr. simply rents this property from his parents, Billy Wayne Jarrett, Sr. and Joann Jarrett, and claims no ownership interest in the subject property, the Defendant Property, which is described as follows:

A lot or parcel of land described as commencing at the point east of the county paved road: The south half of the NE 1/4 and the NE 1/4 of the SE 1/4 of the Section 33, Township 20, R. 19, containing 120 acres, more or less.

**LESS AND EXCEPT** those certain parcels heretofore conveyed to George W. Blankenship, Jr. and wife, Ella Frances Blankenship; **Billy Warren Jarrett and wife, Joann Jarrett**, more particularly described in Deed Rec. Book 168 page 467, Deed Rec. Book 175, page 475, Deed Rec. Book 189, page 137, and on Deed Cards Numbers 427 and 8223, respectively, Probate Office, Elmore County, Alabama

## THIRD DEFENSE

17. The United States is not entitled to any proceeds from the sale, forfeiture, or condemnation of the Defendant Property, because Billy Wayne Jarrett, Sr. and Joann Jarrett had no knowledge of any crimes allegedly committed by Billy Wayne Jarrett, Jr. or Carroll Jarrett, or anyone else on or around the Defendant Property.

## FOURTH DEFENSE

18. The United States' claims must fail because it lacks standing to proceed in this matter.

## COUNTERCLAIM

19. Because Billy Wayne Jarrett Sr. and Joann Jarrett are the sole owners as joint tenants with rights of survivorship of the Defendant Property and all improvements thereon and appurtenances thereto, they respectfully request that this Court grant them the following relief:

That the Defendant Property not be forfeited, but rather immediately released to Billy Wayne Jarrett Sr. and Joann Jarrett, and the United States compensate them for reasonable expenses, including but not limited to, attorney's fees, court costs, and other appropriate relief.

Billy Wayne Jarrett Jr. reserves the right to assert any additional claims and defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted,

/s/ Richard K. Keith
**RICHARD K. KEITH (KEI003)**
Attorney for Billy W. Jarrett, Jr.
**KEITH & HAMM, PC**
22 Scott Street
Montgomery, AL 36014
Telephone: (334) 264-6776
Facsimile: (334) 265-5362

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first class, United States mail, postage prepaid, on this the 24th day of March, 2006:

John T. Harmon
Assistant United States Attorney
Office of the United States Attorney
Middle District of Alabama
One Court Square, Suite 201 (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197