## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | )    No.  2:05- CV-1067-CSC |
| | ) |
| ONE PARCEL OF PROPERTY | ) |
| LOCATED AT 1554 SHADY TRAIL, | ) |
| WETUMPKA, ELMORE COUNTY | ) |
| ALABAMA, WITH ALL | ) |
| APPURTENANCES AND | ) |
| IMPROVEMENTS THEREON | ) |
| | ) |
| DEFENDANT. | ) |

## VERIFIED CLAIM

## STATEMENT OF INTEREST OR RIGHT BY
## BILLY WARREN JARRETT, SR., AND JOANN JARRETT

Claimants Billy Warren Jarrett, Sr. and Joann Jarrett hereby respond to the

verified complaint for forfeiture in rem in accordance with the means set forth in Title 18

U.S.C. § 983(a)(4)(a) to state their interest in the real property subject to forfeiture action,

commonly known as 1554 Shady Trails, Wetumpka, Elmore County, Alabama, with all

appurtenances and improvements thereon and state as follows:

1.      Billy Warren Jarrett, Sr., and Joann Jarrett are residents of Elmore County,

Alabama, and are joint owners of the real property subject to the above

styled forfeiture action, said property referenced as styled above

(hereinafter referred to as "the real property")   Billy Warren Jarrett, Sr.

and Joann Jarrett reside on a portion of the real property, and rent a house

which sits on another portion of the real property to their son Billy Warren

Jarrett, Jr. and his wife Carol Jarrett.

2.  At no time, prior to their son's arrest in 2004, did Billy Warren Jarrett, Sr. or Joann Jarrett have any knowledge of the alleged illegal or improper use of the real property, including the growing of marijuana plants at the house, as well as the sale of illegal substances, from within the house that gave rise to the above styled forfeiture.

3.  As such, the interest in the real property of Billy Warren Jarrett, Sr. and Joann Jarrett should not be subject to the forfeiture because Billy Warren Jarrett, Sr. and Joann Jarrett are "innocent owners" as defined by Title 18 U.S.C. §983(d)(2)(A). and as such respectfully request that this Court protect their ownership of the real property.

4.  Filed contemporaneously herewith and incorporated into this verified claim are affidavits submitted by Billy Warren Jarrett, Sr. and Joann Jarrett.

**Under penalties of perjury,** we declare that we have read the foregoing, and the facts alleged are true, to the best of our knowledge and belief.


Billy Warren Jarrett, Sr.


Joann Jarrett

On this the 3rd day of April, 2006, before me, the undersigned, a Notary Public in and for the State of Alabama at Large, personally appeared Billy Warren Jarrett, Sr. and Joann Jarrett, personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons whose name is subscribed to this Verified Claim and Statement of Interest or Right.

WITNESS my hand and official seal.

MARY FRANK BROWN
NOTARY PUBLIC
My Commission Expires: August 23, 2009

[SEAL]


RESPECTFULLY SUBMITTED, this 3rd day of April, 2006.

/s F. Tim McCollum
Of Counsel for Respondents
Billy Warren Jarrett, Sr, and
Joann Jarrett
Bar No.: ASB-9980-C61F
McCollum & Brown, LLC
400 South Union Street
Suite 135
Montgomery, AL 36104
334.264.8401
334.834.4210 Facsimile
Email:tmccollum@mindspring.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2006, I electronically filed the foregoing with the clerk of court using the CM/ECF which will send notification of such filing to the following: John T. Harmon, Esquire, and Richard K. Keith, Esquire

/s **F. Tim McCollum**
Of Counsel for Respondents
 Billy Warren Jarrett, Sr, and
 Joann Jarrett
Bar No.: ASB-9980-C61F
McCollum & Brown, LLC
400 South Union Street
Suite 135
Montgomery, AL 36104
334.264.8401
334.834.4210 Facsimile
Email:tmccollum@mindspring.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | No.  2:05- CV-1067-CSC |
| | ) | |
| ONE PARCEL OF PROPERTY | ) | |
| LOCATED AT 1554 SHADY TRAIL, | ) | |
| WETUMPKA, ELMORE COUNTY | ) | |
| ALABAMA, WITH ALL | ) | |
| APPURTENANCES AND | ) | |
| IMPROVEMENTS THEREON | ) | |
| | ) | |
| DEFENDANT. | ) | |

## AFFIDAVIT OF BILLY WARREN JARRETT, SR.

I, Billy Warren Jarrett, Sr., a resident of Elmore County, Alabama, being over the

age of 19 testify as follows to facts personally known to me.

1.      I, with my wife, jointly own the real property commonly known as styled

above, and have owned such real property since 1967.  My wife and I

currently reside at 1642 Shady Trails, Wetumpka, Alabama, 36092.  We

have lived there since 1967.

2.      I, with my wife purchased title to a portion of said real property by

warranty deed from Elmer B. Jarrett, my father, executed on July 8, 1967,

recorded at Book 175, Page 475 in the real property records of Elmore

County, Alabama. A copy of the deed conveying title to the real property

to me jointly with my wife is attached hereto as Exhibit "1" to this

affidavit.  This deed conveyed title to real property on which the house my

wife and I currently reside in is situated.  The January 13, 1981 transaction

recorded at Card 017332 in the real property records of Elmore County, Alabama, conveyed additional portions of the real property at issue to my wife and me jointly, from Elmer B. Jarrett, a copy of which is attached hereto as Exhibit "2".

3.     I, with my wife, allow Billy Warren Jarrett, Jr. to rent the house located at 1554 Shady Trail, which sits on a very small portion of the property we own; although the property on which the house is situated has never been subdivided or platted. There has never been a lease document executed. However, from approximately July 1996 to present, monthly payments for rent have accrued at the rate of $249.00 per month. This tenancy is on a month to month basis.

4.     Neither I, nor my wife, commenced eviction proceedings against my son immediately. However, once learning of the guilty pleas entered by Billy Warren Jarrett, Jr. and Carol Jarrett admitting that illegal drug activity had taken place on the leased premises, I with my wife began eviction proceedings against them. I am doing everything within my power to stop any illegal activity from ever occurring on my property in the future. Attached hereto and made a part of this affidavit is Exhibit "3" an eviction notice sent to Billy Warren Jarrett, Jr., and his wife Carol Jarrett initiating eviction proceedings against them.

5.     Further, it is my understanding that some question exists as to the amount of vesting, if any that exists in the real property to my son, Billy Warren Jarrett, Jr. My wife and I intended to construct a dwelling, and at no time

did we intend to, nor take steps to grant, convey, sell or otherwise transfer any portion of the property. I, along with my wife, have owned a construction company for many years. In 1996, I, along with my wife secured a loan to construct the house which is located at 1554 Shady Trails. The loan taken out from Elmore County Bank, attached hereto as Exhibit "4" to this affidavit, was to finish the construction project. Prior to our taking out the loan, our son, Billy Warren Jarrett, Jr. completed a limited amount of site preparation work, which consisted of laying the foundation and erecting a portion of the framing. However, he was unable physically nor financially or both to complete the project. I, along with my wife have paid the taxes and maintained ownership over the entire real property the entire time of Billy Warren Jarrett Jr.s' and Carol Jarrett's occupancy of the leased premises.

6.  In the year 2000, I was diagnosed with Alzheimer's disease and have been taking medication for same. After more than 40 years owning and operating a successful construction company, I have been incapable of work. and instructed not to work by my physician. I currently receive Social Security Disability. My wife works outside the home.

7.  I do not have any independent recollection of my son's past arrests. I was unaware of my son's past drug activities. If I was ever made aware of his drug activities, I do not have any recollection of having been made aware.

**Under penalties of perjury,** I declare that I have read the foregoing, and the facts

alleged are true, to the best of my knowledge and belief.

Further, Affiant saith not.

*Billy Warren Jarrett Sr.*
Billy Warren Jarrett, Sr.

On this the 3rd day of *April*_____, 2006, before me, the
undersigned, a Notary Public in and for the State of Alabama at Large, personally
appeared Billy Warren Jarrett, Sr., personally known to me (or proved to me on the basis
of satisfactory evidence) to be the person whose name is subscribed to this Affidavit

WITNESS my hand and official seal.

*Mary Frank Brown*
MARY FRANK BROWN
NOTARY PUBLIC
My Commission Expires August 23, 2009

[SEAL]

ALABAMA FORM
Warranty Deed Jointly For Life With Remainder to Survivor          The Wetumpka Herald

BOOK **175** PAGE **475**

# The State of Alabama

### ELMORE COUNTY

KNOW ALL MEN BY THESE PRESENTS

That in consideration of ___Ten and no/100 ($10.00)_____ DOLLARS
and other valuable consideration
to the undersigned grantor __Elmer B. Jarrett and Lula B. Jarrett, husband and wife__
in hand paid by __Billy Warren Jarrett and Joann Jarrett_____

the receipt whereof is acknowledged __we___ the said __Elmer B. Jarrett and Lula B. Jarrett,__
__husband and wife__

do grant, bargain, sell and convey unto the said __Billy Warren Jarrett and Joann Jarrett__

for and during their joint lives and upon the death of either of them, then to the survivor of them in fee simple, together with every contingent remainder and right of reversion, the following described real estate, situated in the County of Elmore, State of Alabama, to-wit:

Begin at the Northwest Corner of the Southeast Quarter of the Northeast Quarter of Section 33, Township 20 North, Range 19 East, on the East side of a county gravel road, thence North 86 deg. 30 min. East 469.15 feet, thence South 1 deg. 30 min. East 178 feet, thence North 87 deg. 19 min. West 471 feet to the East side of said county gravel road, thence North 1 deg. 30 min. West along the East side of said road 127 feet to the point of beginning. Said parcel of land lies in the South Half of the Northeast Quarter of Section 33, Township 20 North, Range 19 East, and contains 1.64 acres, more or less.

The above description is taken from a survey prepared by P. J. Jennings, Registered Land Surveyor No. 1593, dated July 1, 1967.

This deed is given for the purpose of correcting an error in the description in that certain deed executed by the grantors herein to the grantees herein dated April 27, 1967, and recorded in the Office of the Judge of Probate of Elmore County, Alabama, in Deed Book R-174, page 347.

TO HAVE AND TO HOLD, the aforegranted premises to the said _____
__Billy Warren Jarrett and Joann Jarrett_____share
and share alike, during their joint lives, with full power and authority in them jointly, to mortgage, sell or convey said property and pass a fee simple title thereto; but if not theretofore disposed of, then upon the death of either, a fee simple title thereto shall vest in the survivor, his or her heirs and assigns, FOREVER.

And __we___ do, for __ourselves_____ and for __our_____ heirs, executors and administrators, covenant with the said __Billy Warren Jarrett and Joann Jarrett__

_____, and the survivor of them, the heirs and assigns of said survivor, that __we are__ lawfully seized in fee simple of said premises; that they are free from all encumbrances; that ___we___ have a good right to sell and convey the same as aforesaid; that __we will, and __our_____ heirs, executors and adminis-trators shall warrant and defend the same to the said __Billy Warren Jarrett and Joann__

__Jarrett_____, and the survivor of them, as hereinabove provided, and the heirs and assigns of said survivor, forever, against the lawful claims of all persons.

In Witness Whereof, __we___ have hereunto set __our___ hand __s___ and seal __s___, this __8th__ day of __July_____, 19 __67.__

| WITNESSES: | |
|---|---|
| _____ | _Elmer B. Jarrett_ (Seal) |
| _____ | _Lula B. Jarrett_ (Seal) |
| _____ | _____ (Seal) |
| _____ | _____ (Seal) |

**EXHIBIT**

**1**

HOWARD, DUNN AND HOWARD
ATTORNEYS AT LAW
This Instrument Prepared by 120 W. SOUTH MAIN ST.
(Name) WETUMPKA, ALA. 36092
(Address)
Return to

Grady.

**WARRANTY DEED, JOINTLY FOR LIFE WITH REMAINDER TO SURVIVOR**

THE STATE OF ALABAMA,
ELMORE COUNTY.

KNOW ALL MEN BY THESE PRESENTS, that I/we

One Hundred and No/100 ($100.00) _____ DOLLAR

and other valuable considerations to the undersigned GRANTOR or GRANTORS in hand paid by the GRANTEES herein, the receipt whereof is acknowledged, we,  Elmer H. Jarrett, a single man

(herein referred to as GRANTOR(S)), do hereby GRANT, BARGAIN, SELL and CONVEY unto

Billy W. Jarrett and JoAnn Jarrett

(herein referred to as GRANTEES) his and during their joint lives and upon the death of either of them, then to the survivor of them in fee simple, together with every contingent remainder and right of reversion, the following described real estate, situated in the County of Elmore, and the State of Alabama, to-wit:

All that part of the following described property which lies east
of the county paved road:  The South half of the NE 1/4
and the NE 1/4 of the SE 1/4 of Sec. 33, T. 20, R. 19, containing
120 acres, more or less.

LESS AND EXCEPT those certain parcels heretofore conveyed to
George W. Blankenship, Jr. and wife, Ella Frances Blankenship;
Billy Warren Jarrett and wife, Joan Jarrett, and Dan F. Jarrett
and wife, Joyce Jarrett, more particularly described in Deed
Rec. Book 168 page 467, Deed Rec. Book 175, page 475, Deed Rec.
Book 189, page 157, and on Deed Cards Numbers #27 and #223,
respectively, Probate Office, Elmore County, Alabama.

The grantor reserves a life estate in the homehouse and one
acre of land surrounding the same for his lifetime and the
lifetime of any wife which he may have, provided she does
not remarry after his death.

84 acres

FILED IN PROBATE OFFICE,
ELMORE COUNTY, ALA.
E.W. CHILDS, Judge

1981 JAN 15 AM 9:28

CARD
017332

THE STATE OF ALABAMA,
ELMORE COUNTY.

**EXHIBIT
2**

McCollum & Brown, LLC
400 South Union Street
Suite 135
Montgomery, AL 36102-1510
(334) 834-4078



April 1, 2006

Mr. Billy Warren Jarrett, Jr.                    **VIA CERTIFIED MAIL 7155547441003842615**
1554 Shady Trails                                **RETURN RECEIPT REQUESTED**
Wetumpka, AL 36092

RE: *Billy Warren Jarrett, Jr., "Tenant"*
    *In the house and related property located at 1554 Shady Trls, Wetumpka, AL 36092*

Dear Mr. Jarrett:

YOU ARE HEREBY NOTIFIED that in consequence of illegal activities committed on
the premises now occupied by you, being 1554 Shady Trails, Wetumpka, Alabama
36092, your right to occupy as a tenant is hereby TERMINATED. You are hereby
notified TO VACATE THE PREMISES WITHIN 10 DAYS of the date of receipt of this
letter.

Dated this the 1st day of April, 2006.

Billy Warren Jarrett, Sr. and Joann Jarrett

BY: Lynn G. Towery, Esq.
    Attorney for Billy Warren Jarrett, Sr. and Joann Jarrett

I hereby testify that I, Lynn G. Towery, Esq., as attorney for Billy Warren Jarrett, Sr. and
Joann Jarrett have given notice to the above named tenant by United States Postal Service
Certified Mail, Return Receipt Requested, Restricted Delivery, postage pre-paid.

EXHIBIT
3A

**McCollum & Brown, LLC**
**400 South Union Street**
**Suite 135**
**Montgomery, AL 36102—1510**
**(334) 834—4078**



April 1, 2006

Carol Jarrett                              **CERTIFIED MAIL 71555474410038422622**
1554 Shady Trails                          **RETURN RECEIPT REQUESTED**
Wetumpka, AL 36092

RE: _Carol Jarrett, "Tenant"_
      _In the house and related property located at 1554 Shady Trls, Wetumpka, AL 36092_

Dear Ms. Jarrett:

YOU ARE HEREBY NOTIFIED that in consequence of illegal activities committed on the premises now occupied by you, being 1554 Shady Trails, Wetumpka, Alabama 36092, your right to occupy as a tenant is hereby TERMINATED. You are hereby notified TO VACATE THE PREMISES WITHIN 10 DAYS of the date of receipt of this letter.

Dated this the 1st day of April, 2006.

Billy Warren Jarrett, Sr, and Joann Jarrett

BY: Lynn G. Towery, Esq.
      Attorney for Billy Warren Jarrett, Sr. and Joann Jarrett

I hereby testify that I, Lynn G. Towery, Esq., as attorney for Billy Warren Jarrett, Sr. and Joann Jarrett have given notice to the above named Tenant by United States Postal Service Certified Mail, Return Receipt Requested, Restricted Delivery, postage pre-paid.

**EXHIBIT**
**3B**

| ELMORE COUNTY BANK<br>P.O. BOX 727<br>WETUMPKA,, AL. 36092<br><br>**LENDER'S NAME AND ADDRESS**<br>"You" means the Lender, its successors and assigns. | W/ **BILLY W. JARRETT**<br>1642 SHADY TRAIL<br>WETUMPKA, AL. 36092<br><br>**BORROWER'S NAME AND ADDRESS**<br>"I" includes each Borrower above, jointly and severally. | Loan Number<br>Date June 21, 1996<br>Maturity Date July 1, 2003<br>Loan Amount $ 15025.00<br>Renewal Of |

**TERMS FOLLOWING A ☐ APPLY ONLY IF CHECKED**

NOTE - For value received, I promise to pay to you, or your order, at your address above, the principal sum of: _____

FIFTEEN THOUSAND TWENTY FIVE AND 00/100 _____ Dollars $ 15025.00

plus interest from June 21, 1996 at the rate of 8.75 % per year until Maturity

ADDITIONAL FINANCE CHARGES - ☒ I agree to pay a refundable interest surcharge fee of $ 25.00 . ☐ I agree to pay a processing fee of $ _____ n.a.

The processing fee is ☐ refundable. ☐ nonrefundable. Fees will be ☐ paid in cash. ☐ paid pro rata over the term of the loan. ☒ withheld from the proceeds. (Fees withheld the proceeds are included in the principal sum.)

PAYMENT - I will pay this note as follows:

(a) ☐ Interest due: _____

Principal due: _____

(b) ☒ This note has 84 payments. The first payment will be in the amount of $ 240.42 and will be due August 1, 1996

A payment of $ 240.42 will be due on the 1st day of each Month thereafter

The final payment of the entire unpaid balance of principal and interest will be due July 1, 2003

☐ MINIMUM INTEREST CHARGE - I agree to pay a minimum interest charge of ☒ POST-MATURITY INTEREST - Interest will accrue at the rate of 8.75

$ n.a. if I pay this loan off before you have earned that much in interest. per year on the balance of this note not paid at maturity, including maturity acceleration.

☒ LATE CHARGE - I agree to pay a late charge on the portion of any payment made more INTEREST - Interest accrues on a ACTUAL 365 bas

than 10 days after it is due equal to 5% of the scheduled THE PURPOSE OF THIS LOAN IS - INVESTMENT IN RENTAL HOUS

payment, but not less than $.50 & not more than $100.00.

SECURITY - You have certain rights that may affect my property as explained on page 2. This loan ☒ is ☐ is not further secured.

(a) ☐ This loan is secured by _____, dated _____

(b) ☐ Security Agreement - I give you a security interest in the Property described below. The rights I am giving you in this Property and the obligations this agreeme secures are defined on page 2 of this agreement.

This Property will be used for _____ purpose

| ANNUAL PERCENTAGE RATE<br>The cost of my credit<br>as a yearly rate. | FINANCE CHARGE<br>The dollar amount the<br>credit will cost me. | AMOUNT FINANCED<br>The amount of credit<br>provided to me or on my behalf. | TOTAL OF PAYMENTS<br>The amount I will have paid when<br>I have made all scheduled payments. | I have the right to receive at this time an itemization of the Amount Financed. |
|---|---|---|---|---|
| 8.80 % | $ 5195.28 | $ 15000.00 | $ 20195.28 | XX YES - I want an itemization.<br>NO - I do not want an itemization. |

My Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 84 | $ 240.42 | Monthly beginning on August 1, 1996 |

"e" means an estimate.

CREDIT INSURANCE - Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless I sign and agree to pay the additional costs.

| Type | Premium | Term |
|---|---|---|
| Credit Life | n.a. | |
| Credit Disability | n.a. | |
| Joint Credit Life | | |

I ☐ do ☐ do not want credit life insurance.
I ☐ do ☐ do not want credit disability insurance.
I ☐ do ☐ do not want joint credit life insurance.

X _____ DOB _____ insurance.

X _____ DOB _____

PROPERTY INSURANCE - I may obtain property insurance from anyone I want that is acceptable to you or may provide it through an existing policy. If I get the insurance from or

through you I will pay $ _____ for _____ of coverage.

SINGLE INTEREST INSURANCE - I may obtain single interest insurance from anyone I want that is acceptable to you or may provide it through an existing policy. If I get the

insurance from or through you I will pay $ n.a. for _____ of coverage.

| (Optional) | |
|---|---|
| Signed _____ | For Lender (SEAL) |
| Title _____ | |

**ITEMIZATION OF AMOUNT FINANCED**

AMOUNT GIVEN TO ME DIRECTLY $ 15000.00

AMOUNT PAID ON MY (LOAN) ACCOUNT $ n.a.

INTEREST SURCHARGE $ 25.00

AMOUNTS PAID TO OTHERS ON MY BEHALF:

to Insurance Companies $ n.a.

to Public Officials $ n.a.

$ n.a.

$ n.a.

$ n.a.

(less) PREPAID FINANCE CHARGE(S) $ 25.00

Amount Financed $ 15000.00

(Add all items financed and subtract prepaid finance charges.)

Signatures and Seals: In witness whereof, I have signed my name and affixed my seal this 21st day of June 96 . By doing so agree to the terms of this note and security agreement (including those on page 2) a acknowledge receipt of at least one copy on today's date.

COSIGNERS - SEE NOTICE ON PAGE 2 BEFORE SIGNING.

CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ TH CONTRACT BEFORE YOU SIGN IT.

Signature *Billy V. Jarrett* (SEA

BILLY W. JARRETT

Signature _____

WWJ/BWW

**EXHIBIT 4**

SIMPLE INTEREST NOTE, DISCLOSURE, AND SECURITY AGREEMENT

(page 1 o

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | No.  2:05- CV-1067-CSC |
| | ) | |
| ONE PARCEL OF PROPERTY | ) | |
| LOCATED AT 1554 SHADY TRAIL, | ) | |
| WETUMPKA, ELMORE COUNTY | ) | |
| ALABAMA, WITH ALL | ) | |
| APPURTENANCES AND | ) | |
| IMPROVEMENTS THEREON | ) | |
| | ) | |
| DEFENDANT. | ) | |

### AFFIDAVIT OF JOANN JARRETT

I, Joann Jarrett., a resident of Elmore County, Alabama, being over the age of 19

testify as follows to facts personally known to me.

1.    I, with my husband, jointly own the real property commonly known as

styled above, and have owned such real property since 1967.  My husband

and I currently reside at 1642 Shady Trails, Wetumpka, Alabama, 36092.

We have lived there since 1967.

2.    I, with my husband purchased a portion of said real property by warranty

deed from Elmer B. Jarrett, my husband's father, executed on July 8,

1967, recorded at Book 175, Page 475 in the real property records of

Elmore County, Alabama. A copy of the deed conveying title to the real

property to me jointly with my husband is attached hereto as Exhibit "1"

to this affidavit.  This deed conveyed title to real property on which the

house in which my husband and I reside is situated, and on which the house we have rented to our son, Billy Warren Jarrett, Jr and his wife Carol Jarrett is situated. The January 13, 1981 transaction recorded at Card 017332 in the real property records of Elmore County, Alabama, conveyed additional portions of the real property at issue to my husband and me jointly, from Elmer B. Jarrett, which is attached hereto as Exhibit "2".

3.     I, with my husband, allow Billy Warren Jarrett, Jr. to rent the house located at 1554 Shady Trails, which sits on a very small portion of the property we own. There has never been a lease document executed. However, from approximately July 1996 to present, monthly payments for rent have accrued at the rate of $249.00 per month. This tenancy is on a month to month basis.

4.     I was aware of my son's prior drug offense occurring in 2001.

5.     It is also my understanding that the arrest in 2001 led to a 3 year probation period, during which he passed the required drug tests and completed the requirements of the probation to the Judge's and probation officer's satisfaction. Having done everything required of him, I, along with my husband, allowed Billy Warren Jarrett, Jr., our son, and his wife, Carol Jarrett to continue to rent the house.

6.     In advance of Billy Warren Jarrett Jr.'s arrest in 2004 giving rise to the above styled forfeiture action, I had no notice of any drug related activity, including growing marijuana plants and possession or selling illegal

narcotics taking place on the property, or the real property being used or intended to be used in any manner or part to commit or to facilitate the commission of illegal drug activity, including any violation of Title 21 U.S.C §841 et seq.,

7.    Neither I, nor my husband, commenced eviction proceedings against my son immediately.  However, once learning of the guilty pleas entered by Billy Warren Jarrett, Jr. and Carol Jarrett admitting that illegal drug activity had taken place on the leased premises, I with my husband began eviction proceedings against them.  I am doing everything within my power to stop any illegal activity from ever occurring on my property in the future.  Attached hereto and made a part of this affidavit is Exhibit "3" an eviction notice sent to Billy Warren Jarrett, Jr., and his wife Carol Jarrett initiating eviction proceedings against them.

8.    Further, it is my understanding that some question exists as to the amount of vesting, if any that exists in the real property to my son, Billy Warren Jarrett, Jr.  My husband and I intended to construct a dwelling, and at no time did we intend to, nor take steps to grant, convey, sell or otherwise transfer any portion of the property.  I, along with my husband, have owned a construction company for many years.  In 1996, I, along with my husband secured a loan to construct the house which is located at 1554 Shady Trails.  The loan taken out from Elmore County Bank, attached hereto as Exhibit "4" to this affidavit, was to finish the construction project.  Prior to our taking out the loan, our son, Billy Warren Jarrett, Jr.

completed a limited amount of site preparation work, which consisted of laying the foundation and erecting a portion of the framing. However, he was unable physically nor financially or both to complete the project. I, along with my husband have paid the taxes and maintained ownership over the entire real property the entire time of Billy Warren Jarrett Jr.s' and Carol Jarrett's occupancy of the leased premises.

**Under penalties of perjury,** I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.

Further, Affiant saith not.

Joann Jarrett

On this the _3rd_ day of _April_____, 2006, before me, the undersigned, a Notary Public in and for the State of Alabama at Large, personally appeared Joann Jarrett, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to this Affidavit.

WITNESS my hand and official seal.

MARY-FRANK BROWN
NOTARY PUBLIC
My Commission Expires August 23, 2009

[SEAL]

ALABAMA FORM
Warranty Deed Jointly For Life With Remainder to Survivor

BOOK 175 PAGE 475

The Wetumpka Herald

## The State of Alabama

**ELMORE COUNTY**

KNOW ALL MEN BY THESE PRESENTS

That in consideration of __Ten and no/100 ($10.00)--------------------__ DOLLARS
and other valuable consideration
to the undersigned grantor __Elmer B. Jarrett and Lula B. Jarrett, husband and wife__

in hand paid by __Billy Warren Jarrett and Joann Jarrett__

the receipt whereof is acknowledged __we__ the said __Elmer B. Jarrett and Lula B. Jarrett,__

__husband and wife__

do grant, bargain, sell and convey unto the said __Billy Warren Jarrett and Joann Jarrett__

for and during their joint lives and upon the death of either of them, then to the survivor of them in fee simple, together with every contingent remainder and right of reversion, the following described real estate, situated in the County of Elmore, State of Alabama, to-wit:

Begin at the Northwest Corner of the Southeast Quarter of the Northeast Quarter of Section 33, Township 20 North, Range 19 East, on the East side of a county gravel road, thence North 86 deg. 30 min. East 469.15 feet, thence South 1 deg. 30 min. East 178 feet, thence North 87 deg. 19 min. West 471 feet to the East side of said county gravel road, thence North 1 deg. 30 min. West along the East side of said road 127 feet to the point of beginning. Said parcel of land lies in the South Half of the Northeast Quarter of Section 33, Township 20 North, Range 19 East, and contains 1.64 acres, more or less.

The above description is taken from a survey prepared by P. J. Jennings, Registered Land Surveyor No. 1593, dated July 1, 1967.

This deed is given for the purpose of correcting an error in the description in that certain deed executed by the grantors herein to the grantees herein dated April 27, 1967, and recorded in the Office of the Judge of Probate of Elmore County, Alabama, in Deed Book R-174, page 347.

TO HAVE AND TO HOLD, the aforegranted premises to the said _____

__Billy Warren Jarrett and Joann Jarrett__ _____ share and share alike, during their joint lives, with full power and authority in them jointly, to mortgage, sell or convey said property and pass a fee simple title thereto; but if not theretofore disposed of, then upon the death of either, a fee simple title thereto shall vest in the survivor, his or her heirs and assigns, FOREVER.

And __we__ do, for __ourselves__ and for __our__ heirs, executors and administrators, covenant with the said __Billy Warren Jarrett and Joann Jarrett__

_____, and the survivor of them, the heirs and assigns of said survivor, that __we are__ lawfully seized in fee simple of said premises; that they are free from all encumbrances; that __we__ have a good right to sell and convey the same as aforesaid; that __we__ will, and __our__ heirs, executors and administrators shall warrant and defend the same to the said __Billy Warren Jarrett and Joann__

__Jarrett__ _____, and the survivor of them, as hereinabove provided, and the heirs and assigns of said survivor, forever, against the lawful claims of all persons.

In Witness Whereof, __we__ have hereunto set __our__ hand __s__ and seal __s__, this __8th__ day of

__July__ _____, 19 __67__.

WITNESSES:

_____      _Elmer B Jarrett_ (Seal)
_____      _Lula B Jarrett_ (Seal)
_____      _____ (Seal)
_____      _____ (Seal)

**EXHIBIT**

**1**

02/18/2006  00:53   3343864017          CAFFCO CREDIT DEPT                    PAGE  16

HOWARD, DUNN AND HOWARD
ATTORNEYS AT LAW
This instrument prepared by 120 W. SOUTH MOUNDRY ST.
(Name)                    WETUMPKA, ALA. 36092
(Address)
Return to

**WARRANTY DEED, JOINTLY FOR LIFE WITH REMAINDER TO SURVIVOR**

THE STATE OF ALABAMA,
ELMORE COUNTY.

KNOW ALL MEN BY THESE PRESENTS that for and in consideration of the sum of

**One Hundred and No/100 ($100.00)** — DOLLARS

and other valuable considerations to the undersigned GRANTOR or GRANTORS in hand paid by the GRANTEE herein, the receipt whereof is acknowledged, we, **Elmer E. Jarrett, a single man**

(herein referred to as GRANTORS), do hereby GRANT, BARGAIN, SELL and CONVEY unto

**Billy W. Jarrett and JoAnn Jarrett**

(herein referred to as GRANTEES) for and during their joint lives and upon the death of either of them, then to the survivor of them in fee simple, together with every contingent remainder and right of reversion, the following described real estate, situated in the County of Elmore, and the State of Alabama, to-wit:

All that part of the following described property which lies east of the county paved road:  The South half of the NE 1/4 and the NE 1/4 of the SE 1/4 of Sec. 33, T. 20, R. 19, containing 120 acres, more or less.

LESS AND EXCEPT those certain parcels heretofore conveyed to George W. Blankenship, Jr. and wife, Ella Frances Blankenship; Billy Warren Jarrett and wife, Joan Jarrett, and Dan P. Jarrett and wife, Joyce Jarrett, more particularly described in Deed Rec. Book 168 page 467, Deed Rec. Book 175, page 475, Deed Rec. Book 189, page 157, and on Deed Cards Numbers 427 and 8223, respectively, Probate Office, Elmore County, Alabama.

The grantor reserves a life estate in the homehouse and one acre of land surrounding the same for his lifetime and the lifetime of any wife which he may have, provided she does not remarry after his death.

84 acres

CARD
017332

FILED IN PROBATE OFFICE,
ELMORE COUNTY, ALA.
E.W. ENSLEN, Judge

1981 JAN 15  AM 9:28

TO HAVE AND TO HOLD to the said GRANTEES for and during their joint lives and upon the death of either of them, then to the survivor of them, his heirs and assigns forever, together with every contingent remainder and right of reversion.

And I (we) do for myself (ourselves) and for my (our) heirs, executors, and administrators covenant with the said GRANTEES, their heirs and assigns, that I am (we are) lawfully seized in fee simple of said premises; that they are free from all encumbrances, unless otherwise noted above; that I (we) have a good right to sell and convey the same as aforesaid; that I (we) will and my (our) heirs, executors and administrators shall warrant and defend the same to the said GRANTEES, their heirs and assigns forever, against the lawful claims of all persons.

IN WITNESS WHEREOF, I have hereunto set (my) hand and seal  this _____ day of
January ___ 19 81                           X Elmer E. Jarrett                    (L. S.)
WITNESS                                                                            (L. S.)
                                                                                   (L. S.)
                                                                                   (L. S.)

THE STATE OF ALABAMA,
ELMORE COUNTY.

I, Karen Jennings, a Notary Public in and for said County,

hereby certify that Elmer E. Jarrett, a single man,

whose name is signed to the foregoing conveyance, and who is known to me acknowledged before me on this day that, being informed of the contents of the conveyance he executed the same VOLUNTARILY on the day the same bears date.

Given under my hand and official seal this _____ day of January ___ 19 81

                                                        Karen Jennings
                                                        Notary Public

**EXHIBIT
2**

PAGE  29                        TOWERY                      972608663   01:10  02/28/2006

McCollum & Brown, LLC
400 South Union Street
Suite 135
Montgomery, AL 36102-1510
(334) 834-4078



April 1, 2006

Mr. Billy Warren Jarrett, Jr.                    **VIA CERTIFIED MAIL 7155547441003842615**
1554 Shady Trails                                **RETURN RECEIPT REQUESTED**
Wetumpka, AL 36092

RE: *Billy Warren Jarrett, Jr., "Tenant"*
    *In the house and related property located at 1554 Shady Trls, Wetumpka, AL 36092*

Dear Mr. Jarrett:

YOU ARE HEREBY NOTIFIED that in consequence of illegal activities committed on the premises now occupied by you, being 1554 Shady Trails, Wetumpka, Alabama 36092, your right to occupy as a tenant is hereby TERMINATED. You are hereby notified TO VACATE THE PREMISES WITHIN 10 DAYS of the date of receipt of this letter.

Dated this the 1ˢᵗ day of April, 2006.

Billy Warren Jarrett, Sr. and Joann Jarrett

BY: Lynn G. Towery, Esq.
    Attorney for Billy Warren Jarrett, Sr. and Joann Jarrett

I hereby testify that I, Lynn G. Towery, Esq., as attorney for Billy Warren Jarrett, Sr. and Joann Jarrett have given notice to the above named tenant by United States Postal Service Certified Mail, Return Receipt Requested, Restricted Delivery, postage pre-paid.

EXHIBIT
3A

**McCollum & Brown, LLC**
**400 South Union Street**
**Suite 135**
**Montgomery, AL 36102−1510**
**(334) 834−4078**

April 1, 2006

Carol Jarrett                        **CERTIFIED MAIL 71555474410038422622**
1554 Shady Trails                    **RETURN RECEIPT REQUESTED**
Wetumpka, AL 36092

RE:  _Carol Jarrett, "Tenant"_
      _In the house and related property located at 1554 Shady Trls, Wetumpka, AL 36092_

Dear Ms. Jarrett:

YOU ARE HEREBY NOTIFIED that in consequence of illegal activities committed on the premises now occupied by you, being 1554 Shady Trails, Wetumpka, Alabama 36092, your right to occupy as a tenant is hereby TERMINATED.  You are hereby notified TO VACATE THE PREMISES WITHIN 10 DAYS of the date of receipt of this letter.

Dated this the 1st day of April, 2006.

Billy Warren Jarrett, Sr, and Joann Jarrett

BY: _____
     Lynn G. Towery, Esq.
     Attorney for Billy Warren Jarrett, Sr. and Joann Jarrett

I hereby testify that I, Lynn G. Towery, Esq., as attorney for Billy Warren Jarrett, Sr. and Joann Jarrett have given notice to the above named Tenant by United States Postal Service Certified Mail, Return Receipt Requested, Restricted Delivery, postage pre-paid.

**EXHIBIT**
**3B**

**ELMORE COUNTY BANK**
P.O. BOX 727
WETUMPKA,, AL. 36092

**LENDER'S NAME AND ADDRESS**
"You" means the Lender, its successors and assigns.

W/ **BILLY W. JARRETT**
1642 SHADY TRAIL
WETUMPKA, AL. 36092

**BORROWER'S NAME AND ADDRESS**
"I" includes each Borrower above, jointly and severally.

Loan Number
Date **June 21, 1996**
Maturity Date **July 1, 2003**
Loan Amount $ **15025.00**
Renewal Of

**TERMS FOLLOWING A ☐ APPLY ONLY IF CHECKED**

NOTE - For value received, I promise to pay to you, or your order, at your address above, the principal sum of: _____

**FIFTEEN THOUSAND TWENTY FIVE AND 00/100** _____ Dollars $ **15025.00**

plus interest from **June 21, 1996** at the rate of **8.75** % per year until **Maturity**

ADDITIONAL FINANCE CHARGES - ☒ I agree to pay a refundable interest surcharge fee of $ **25.00** . ☐ I agree to pay a processing fee of $ **n.a.**

The processing fee is ☐ refundable. ☐ nonrefundable. Fees will be ☐ paid in cash. ☐ paid pro rata over the term of the loan. ☒ withheld from the proceeds. (Fees withheld fr the proceeds are included in the principal sum.)

PAYMENT - I will pay this note as follows:

(a) ☐ Interest due:

Principal due:

(b) ☒ This note has **84** payments. The first payment will be in the amount of $ **240.42** and will be due **August 1, 1996**

A payment of $ **240.42** will be due on the **1st** day of each **Month** thereafte

The final payment of the entire unpaid balance of principal and interest will be due **July 1, 2003**

☐ MINIMUM INTEREST CHARGE - I agree to pay a minimum interest charge of ☒ POST-MATURITY INTEREST - Interest will accrue at the rate of **8.75**
$ **n.a.** if I pay this loan off before you have earned that much in interest. per year on the balance of this note not paid at maturity, including maturity acceleration.

☒ LATE CHARGE - I agree to pay a late charge on the portion of any payment made more INTEREST - Interest accrues on a **ACTUAL 365** bas
than **10** days after it is due equal to **5% of the scheduled** THE PURPOSE OF THIS LOAN IS - **INVESTMENT IN RENTAL HOUS**
**payment, but not less than $.50 & not more than** **$100.00**.

SECURITY - You have certain rights that may affect my property as explained on page 2. This loan ☐ is ☒ is not further secured.

(a) ☐ This loan is secured by _____ , dated _____

(b) ☐ Security Agreement - I give you a security interest in the Property described below. The rights I am giving you in this Property and the obligations this agreeme secures are defined on page 2 of this agreement.

This Property will be used for _____ purpose

| ANNUAL PERCENTAGE RATE The cost of my credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost me. | AMOUNT FINANCED The amount of credit provided to me or on my behalf. | TOTAL OF PAYMENTS The amount I will have paid when I have made all scheduled payments. | I have the right to receive at this time an itemization of the Amount Financed. |
|---|---|---|---|---|
| **8.80** % | $ **5195.28** | $ **15000.00** | $ **20195.28** | **XX** YES - I want an itemization. |

My Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due | |
|---|---|---|---|
| 84 | $ **240.42** | **Monthly beginning on August 1, 1996** | NO - I do not want an itemization. |

"e" means an estimate.

CREDIT INSURANCE - Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless I sign and agree to pay the additional costs.

| Type | Premium | Term |
|---|---|---|
| Credit Life | **n.a.** | |
| Credit Disability | **n.a.** | |
| Joint Credit Life | | |

I ☐ do ☐ do not want credit life insurance.
I ☐ do ☐ do not want credit disability insurance.
I ☐ do ☐ do not want joint credit life insurance.
I ☐ do ☐ do not want _____ insurance.
X _____ DOB
X _____ DOB

PROPERTY INSURANCE - I may obtain property insurance from anyone I want that is acceptable to you or may provide it through an existing policy. If I get the insurance from or

through you I will pay $ _____ for _____ of coverage.

SINGLE INTEREST INSURANCE - I may obtain single interest insurance from anyone I want that is acceptable to you or may provide it through an existing policy. If I get the

insurance from or through you I will pay $ **n.a.** for _____ of coverage.

| (Optional) | |
|---|---|
| Signed _____ | For Lender (SEAL) |
| Title _____ | |

SIMPLE INTEREST NOTE, DISCLOSURE, AND SECURITY AGREEMENT

**ITEMIZATION OF AMOUNT FINANCED**

AMOUNT GIVEN TO ME DIRECTLY $ **15000.00**

AMOUNT PAID ON MY (LOAN) ACCOUNT $ **n.a.**
**INTEREST SURCHARGE** $ **25.00**

AMOUNTS PAID TO OTHERS ON MY BEHALF:

to Insurance Companies $ **n.a.**
to Public Officials $ **n.a.**
$ **n.a.**
$ **n.a.**
$ **n.a.**

(less) PREPAID FINANCE CHARGE(S) $ **25.00**

Amount Financed $ **15000.00**
(Add all items financed and subtract prepaid finance charges.)

Signatures and Seals: In witness whereof, I have signed my name and affixed my seal this **21st** day of **June** **96** . By doing so agree to the terms of this note and security agreement (including those on page 2) a acknowledge receipt of at least one copy on today's date.

COSIGNERS - PLEASE SEE NOTICE ON PAGE 2 BEFORE SIGNING.
CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ TH CONTRACT BEFORE YOU SIGN IT.

Signature *Billy W. Jarrett* (SEA
**BILLY W. JARRETT**

Signature _____
**WWJ/BWW**

**EXHIBIT**
**4**

(page 1 o