IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | No.  2:05- CV-1067-CSC |
| ) | |
| ONE PARCEL OF PROPERTY ) | |
| LOCATED AT 1554 SHADY TRAIL, ) | |
| WETUMPKA, ELMORE COUNTY ) | |
|  ALABAMA, WITH ALL ) | |
| APPURTENANCES AND ) | |
| IMPROVEMENTS THEREON ) | |
| ) | |
| DEFENDANT. ) | |

**ANSWER TO VERIFIED COMPLAINT,
COUNTER-CLAIM, AND MOTION TO DISMISS
BY BILLY WARREN JARRETT,SR. AND JOANN JARRETT**

**ANSWER TO VERIFIED COMPLAINT**

COMES NOW, Billy Warren Jarrett, Sr. and Joann Jarrett, by and through undersigned counsel of record and file this their answer to the verified complaint filed by the United States of America against the above styled defendant, and hereby responds as follows:

1. Admitted.

2. Admitted.

3. The allegation in this paragraph are denied and respondents demand strict proof thereof.

4. Admitted.

5. The allegation in this paragraph is denied and respondents demand strict

proof thereof.

6. The allegation in this paragraph is denied and respondents demand strict proof thereof.

7. Respondents are without sufficient knowledge to admit or deny the allegations in this paragraph. However, to the extent that a response is required, the respondents deny the allegations in this paragraph and all subparagraphs and demand strict proof thereof.

8. This paragraph requires no response.

9. Respondents are without sufficient knowledge to admit or deny the allegations in this paragraph. However, to the extent that a response is required, the respondents deny the allegations in this paragraph and demand strict proof thereof.

10. The allegation in this paragraph is denied and respondents demand strict proof thereof.

11. This paragraph requires no response. To the extent this paragraph requires a response, the respondents deny the allegation in this paragraph and demand strict proof thereof.

12. This paragraph requires no response. To the extent this paragraph requires a response, the respondents deny the allegation in this paragraph and demand strict proof thereof

13. This paragraph requires no response. To the extent this paragraph requires a response, the respondents deny the allegation in this paragraph and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1. This Court lacks jurisdiction over the subject property.

2. The respondent claims the affirmative defense of "innocent owner".

3. The seizure is violative of the excessive fines clause of the Eighth Amendment.

4. The seizure violates the respondents Fourth and Fourteenth Amendment due process rights.

5. The respondents plead the general issue.

6. The Complaint fails to state a claim for which relief can be granted.

7. Plaintiff's claim, and the statute sued under, imposes punitive damages which violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment of the Constitution of the United States on the following grounds:

    a. It is a violation of the due process and equal protection clauses of the Fourth and Fourteenth Amendments to impose punitive damages, which is penal in nature, against a civil defendant upon the plaintiff's satisfying the burden of proof which is less than the "beyond reasonable doubt" burden of proof required in criminal cases;

    b. The procedures pursuant to which punitive damages is awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing,

       which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

c.     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the respondent, which thereby violates the Due Process Clause of the Fourteenth Amendment of The United States Constitution;

d.     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of Punitive Damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of The United States Constitution

e.     The procedures pursuant to which punitive damages are awarded result in imposition of different penalties for same or similar acts, and thus violates the Equal Protections Clause of the Fourteenth Amendment of The United States Constitution;

f.     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments of The United States Constitution and the equal protection clause of the Fourteenth Amendment; and

g.     The procedures pursuant to which punitive damages is awarded permit the imposition of excessive fines in violation of the Eighth

        Amendment of The United States Constitution.

8. Plaintiff's attempt to impose punitive damages against the respondents, on the basis of vicarious liability for the conduct of others, violates the Fourth, Fifth, Eighth, and Fourteenth Amendments of The United States Constitution.

9. The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of The United States Constitution.

### COUNTER-CLAIM OF JOANN JARRETT

1. Billy Warren Jarrett, Sr. and Joann Jarrett have owned portions of the property styled above since April, 1967.

2. Billy Warren Jarrett, Sr. and Joann Jarrett have leased the premises styled above, which only includes the house and a right of ingress and egress, to their son since completing construction on the house approximately in July of 1996.

3. Joann Jarrett was aware of the drug offense for which her son was arrested for in 2001.

4. In advance of Billy Warren Jarrett Jr.'s arrest in 2004 giving rise to the above styled forfeiture action, I had no notice of any drug related activity, including growing marijuana plants and possession or selling illegal narcotics taking place on the property, or the real property being used or intended to be used in any manner or part to commit or to facilitate the

        commission of illegal drug activity, including any violation of Title 21 U.S.C §841 et seq.,

5. Billy Warren Jarrett, Sr. and Joann Jarrett continued to rent the above styled property to their son and his wife until learning of the forfeiture action and their son and his wife's subsequent plea of guilty to a charge involving a controlled substance, and the use of the property in the commission of the crime.

6. After learning of the above, Billy Warren Jarrett, Sr. and Joann Jarrett, forthwith, initiated eviction proceedings against Billy Warren Jarrett, Jr and his wife, Carol Jarrett in an effort to put an end to the use of the property for any illegal purpose.

WHEREFORE, PREMISES CONSIDERED, Joann Jarrett respectfully prays that This Honorable Court protect her ownership interest, Order that the Forfeiture be Dismissed, and the property be released to Billy Warren Jarrett, Sr. and Joann Jarrett, and any other relief that justice so requires.

## **COUNTER-CLAIM OF BILLY WARREN JARRETT, SR.**

1. Counter-Claim Plaintiff Billy Warren Jarrett, Sr. incorporates and realleges paragraphs 1 through 6 as if fully set forth herein.

2. Billy Warren Jarrett, Sr. was diagnosed with Alzheimer's in the year 2000, and has been under medical care and continues to take medications to slow the degenerative process.

3. Billy Warren Jarrett, Sr. has lost independent recollection of memories and events that have occurred in the past.

4. Billy Warren Jarrett, Sr. has no independent recollection of any drug problems or any arrests of his son Billy Warren Jarrett, Jr.

5. Billy Warren Jarrett, Sr. has no independent recollection of any arrests of his son, Billy Warren Jarrett, Jr. that involved the use of the property leased to his son in the commission of any illegal activity, including the selling of illegal drugs or the growing of any illegal drugs on the leased property.

WHEREFORE, PREMISES CONSIDERED, Billy Warren Jarrett, Sr. respectfully prays that This Honorable Court protect his ownership interest, Order that the Forfeiture be Dismissed, and the property be released to Billy Warren Jarrett, Sr. and Joann Jarrett, and any other relief that justice so requires.

## MOTION TO DISMISS

COMES NOW, the respondents, by and through undersigned counsel and moves this court to dismiss the above styled verified complaint against the above styled defendant and as grounds therefore state as follows:

1. The complaint fails to state a claim for which relief may be granted.

2. The court lacks jurisdiction over the above named defendant.

3. The relief sought by the United States of America violates the excessive fines clause of the Eighth Amendment.

4. The respondents are "innocent owners" of the subject property sought to be forfeited

RESPECTFULLY SUBMITTED, this 3rd day of April, 2006.

**/s F. Tim McCollum**
Of Counsel for Respondents
Billy Warren Jarrett, Sr, and
Joann Jarrett
Bar No.: ASB-9980-C61F
McCollum & Brown, LLC
400 South Union Street
Suite 135
Montgomery, AL 36104
334.264.8401
334.834.4210 Facsimile
Email:tmccollum@mindspring.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2006, I electronically filed the foregoing with the clerk of court using the CM/ECF which will send notification of such filing to the following: John T. Harmon, Esquire, and Richard K. Keith, Esquire

**/s F. Tim McCollum**
Of Counsel for Respondents
Billy Warren Jarrett, Sr, and
Joann Jarrett
Bar No.: ASB-9980-C61F
McCollum & Brown, LLC
400 South Union Street
Suite 135
Montgomery, AL 36104
334.264.8401
334.834.4210 Facsimile
Email:tmccollum@mindspring.com