IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05cv1067-CSC |
| ) | |
| ONE PARCEL OF PROPERTY ) | |
| LOCATED AT 1554 SHADY TRAIL, ) | |
| ELMORE COUNTY, WETUMPKA, ) | |
| ALABAMA, WITH ALL ) | |
| APPURTENANCES AND ) | |
| IMPROVEMENTS THEREON, ) | |
| ) | |
| Defendants. ) | |

**DECREE OF FORFEITURE**[1]

On November 3, 2005, a Verified Complaint for Forfeiture *In Rem* against the Defendant located at 1554 Shady Trail, Wetumpka, Elmore County, Alabama, with all appurtenances and improvements thereon, was filed on behalf of the United States. The Complaint alleged that the Defendant property was used or intended to be used to commit or to facilitate the commission of a violation of 21 U.S.C. § 841 *et seq*. Such a violation is punishable by more than one year's imprisonment, and therefore Defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

It appears that process was fully issued in this action and returned according to law;

1. That pursuant to an Order of Notice *In Rem* issued by this Court, the United

---

[1] Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the United States and each of the verified claimants have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

States Marshals Service for the Middle District of Alabama posted a copy of the Notice of Complaint of Forfeiture and Summons on the Defendant property on February 9, 2006;

2. That on March 1, 8 and 15, 2006, notice of this action was published in the *Wetumpka Herald* newspaper;

3. That on February 27, March 6 and 13, 2006, notice of this action was published in the *Montgomery Advertiser* newspaper;

4. That on February 9, 2006, Billy W. Jarrett, Sr. was personally served by the United States Marshals Service a copy of the Verified Complaint for Forfeiture *In Rem*, and Notice of Complaint of Forfeiture and Summons;

5. That on February 9, 2006, Billy W. Jarrett, Jr. was personally served by the United States Marshals Service a copy of the Verified Complaint for Forfeiture *In Rem*, and Notice of Complaint of Forfeiture and Summons;

6. That on February 9, 2006, Carroll Jarrett was personally served by the United States Marshals Service a copy of the Verified Complaint for Forfeiture *In Rem*, and Notice of Complaint of Forfeiture and Summons;

7. That on February 9, 2006, JoAnn Jarrett was personally served by the United States Marshals Service a copy of the Verified Complaint for Forfeiture *In Rem*, and Notice of Complaint of Forfeiture and Summons;

8. That on March 27, 2006, Billy Wayne Jarrett, Jr. filed a Verified Claim and Answer to the Verified Complaint;

9. That on April 3, 2006, Billy W. Jarrett, Sr. and JoAnn Jarrett filed a Verified

Claim and Answer to the Verified Complaint;

10. That on November 17, 2006, the United States filed a motion to strike the claim of Billy Wayne Jarrett, Jr.;

11. That on November 20, 2006, this Court entered an Order striking the claim of Billy Wayne Jarrett, Jr.;

12. That on January 17, 2007, the United States and Claimants Billy W. Jarrett, Sr. and JoAnn Jarrett entered into a Stipulation for Compromise Settlement whereby Claimants agreed to pay the United States Twenty Seven Thousand Five Hundred ($27,500.00) Dollars as a substitute res for the Defendant property, and the United States would release the Defendant property;

Now, therefore, on motion of the United States for a Decree of Forfeiture, and for good cause otherwise shown, it is hereby ORDERED, ADJUDGED and DECREED:

That the Twenty Seven Thousand Five Hundred ($27,500.00) Dollars will be made a substitute res for the Defendant property and paid to the United States 90 days after the execution of the Stipulation;

That the United States will file a Release of Lis Pendens with the Judge of Probate, Elmore County, Alabama, as to the Defendant property;

That in the event the Twenty Seven Thousand Five Hundred ($27,500.00) is paid by check, the United States shall not be required to remove the lis pendens until said check is collected;

That the United States Marshals Service, Middle District of Alabama, will remove all

documents posted to the Defendant property;

That the Twenty Seven Thousand Five Hundred ($27,500.00) Dollars shall be disposed of according to law; and,

That each party will bear its own costs.

Done this 7th day of March, 2007.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE